IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DERRICK LAMONT MONEY, § | | |
| Movant, § | | |
| § | 3:16-cv-1138-N (BT) | |
| v. § | 3:08-cr-0327-N (BT) | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Movant Derrick Money, a federal prisoner, has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set-aside, or correct his sentence in Case No. 3:08-cr-0327-N. For the following reasons, the § 2255 motion should be denied.

I.

Movant pleaded guilty to two counts of being a felon in possession of a firearm. His sentence was enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on his three prior Texas felonies for aggravated assault, aggravated robbery, and simple robbery. The district court sentenced him to two concurrent 210-month sentences. The Fifth Circuit Court of Appeals dismissed his direct appeal. Movant then filed this § 2255 motion, in which he argued his simple robbery conviction did not

1

qualify as a crime of violence and, therefore, the ACCA enhancement was unlawful under the Supreme Court's opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and the now-withdrawn Fifth Circuit opinion in *United States v. Burris*, 896 F.3d 320 (5th Cir. 2018). However, on July 9, 2019, Movant filed a supplemental brief conceding that under the Fifth Circuit's recent opinion in *United States v. Burris*, 920 F.3d 942 (5th Cir. 2019) (finding that simple robbery under Texas law qualifies as a violent felony under the ACCA), he has three qualifying violent felonies under the ACCA. Movant thus seeks a certificate of appealability on the ground that it is debatable whether Texas simple robbery qualifies as a violent felony under the ACCA. The Government opposes a certificate of appealability.

II.

Movant argues it is debatable whether his simple robbery conviction qualifies as a violent felony under the ACCA. In *Johnson*, the Supreme Court analyzed the residual clause of the ACCA. The Court stated:

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," [Section 924 of the Armed Career Criminal Act] increases his prison

2

> term to a minimum of 15 years and a maximum of life. § 924(e)(1); *Johnson v. United States*, 559 U.S. 133, 136, 130 S. Ct. 1265, 176 L.Ed. 1 (2010).
>
> The Act defines "violent felony" as follows:
>
> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.* § 924(e)(2)(B) (emphasis added).

*Johnson*, 135 S. Ct. at 2555-56. Subsection (i) is known as the elements clause, and the portion of subsection (ii) regarding a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the residual clause. *See United States v. Taylor*, 873 F.3d 476, 477 n.1 (5th Cir. 2017).

In *Johnson*, the Supreme Court held that increasing a sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process because the residual clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. This holding is retroactively available on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

After *Johnson*, "[a] violent felony is one of a number of enumerated offenses or a felony that 'has an element the use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Moore*, 711 Fed. Appx. 757, 759 (5th Cir. 2017) (per curiam) (quoting § 924(e)(2)(B)). Robbery is not an enumerated offense. It therefore does not qualify as an ACCA enhancement unless it "has as an element the use, attempted use, or threatened use of physical force against the person of another."

In the Fifth Circuit's recent *Burris* opinion, the Court analyzed whether simple robbery under Texas Penal Code § 29.02(a) has as an element the use, attempted use, or threatened use of physical force, and is therefore a violent felony under the ACCA. The court determined that simple robbery qualifies as a violent felony under the elements clause. *Burris*, 920 F.3d at 952. Petitioner therefore has three qualifying violent felonies under the ACCA.

To obtain a certificate of appealability, a petitioner must show (1) that reasonable jurists would find the court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [the Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Here,

although the Fifth Circuit originally issued an opinion in *Burris* finding that simple robbery did not qualify as a violent felony under the elements clause, the court withdrew that opinion and later found that simple robbery did qualify as a violent felony. *Burris*, 920 F.3d at 952. The second *Burris* decision relied on the Fifth Circuit's use of force decision in *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc) and the Supreme Court's use of force decision in *Stokeling v. United States*, ___ U.S. ___, 139 S. Ct. 544 (2019) to find that Texas simple robbery does qualify as a violent felony under the ACCA. The en banc *Reyes-Contreras* decision and the *Stokeling* case had not been decided at the time of the first *Burris* decision. The Court finds the issue of whether Texas simple robbery qualifies as a violent felony under the ACCA is now settled, and the issue is not debatable. A certificate of appealability should therefore be denied.

III.

For the foregoing reasons, the Court recommends that the motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 be denied, and a certificate of appealability be denied.

Signed August 28, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).